IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW BURGESS,<br><br>               Plaintiff,<br><br>    v.<br><br>CENTRAL BUCKS SCHOOL DISTRICT, ABRAM M. LUCABAUGH, in his official and individual capacity,<br><br>               Defendants. | Civil Action No: 2:23-cv-1369-TJS |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 25, 2023[1] and submit the following report of their meeting for the Court's consideration:

**1.    Discussion of Claims, Defenses and Relevant Issues**

Circumstances continue to develop that may significantly affect the scope of the litigation and potential amendments to the complaint. Mr. Burgess commenced this action on April 11, 2023. On April 21, 2023, the School District suspended him indefinitely with pay. He remains suspended. Whether and when Defendants will lift the suspension or take further action affecting Mr. Burgess' employment status is not known to Mr. Burgess. As a result, the claims and deadlines discussed herein reflect the current uncertainty.

---

[1] Counsel present for Mr. Burgess: Eli Segal and Kali Schellenberg from LeVan Stapleton Segal Cochran LLC, and Richard Ting from the ACLU. Counsel present for Defendants: Sharon M. O'Donnell.

a. **Plaintiff's Claims**

Plaintiff Andrew Burgess alleges that Defendants retaliated, and continue to retaliate, against him in violation of the First Amendment and Title IX. On May 6, 2022, Defendants suspended Mr. Burgess after he engaged in protected activity, which included filing a sex discrimination complaint with the U.S. Department of Education's Office for Civil Rights ("OCR") on behalf of a transgender student,[2] and his advocacy related to the District's proposed classroom library censorship policies. Mr. Burgess filed a second OCR complaint alleging CBSD retaliated against him on May 11, 2022. In August 2022, after fourteen years at his job, Defendants involuntarily transferred him to a new position at a different school. Upon information and belief, Defendants also took another retaliatory action that summer, which is currently confidential. In October 2022, seven transgender and non-binary students and their families, represented by the ACLU, filed an OCR complaint against CBSD. Information about Mr. Burgess appeared in that complaint. After that complaint was filed, the District began a series of additional retaliatory actions against Mr. Burgess, which have continued even after the April 11 filing of Plaintiff's Complaint in this action. This includes the April 20 public presentation and report, and the April

---

[2] In a public meeting and widely disseminated report published on April 20, 2023 ("CBSD Report"), the School District's lawyers falsely told the public that Mr. Burgess "manipulated" the student into filing the OCR complaint. Notably, the School District's counsel never interviewed the student before making this specious allegation. Mr. Burgess committed no such act. Mr. Burgess helped a student organize the student's extensive incidents of being bullied. When Mr. Burgess expressed his intent to submit the organized chart of incidents to the School District through certain internal procedures, the student recoiled and stated that he did not want such procedures to be used (especially as many or all such incidents were already known to the School District and little or no relief had yet been provided to the student). Mr. Burgess explained additional options of reporting to the student and his family, one of which was the submission of an OCR complaint. The student chose to submit an OCR complaint and Mr. Burgess did so on the student's behalf.
Plaintiff anticipates producing testimony from the student and his family specifically refuting the false narrative stated in the CBSD Report.

21 indefinite suspension that is based on the same conduct for which the District previously suspended Mr. Burgess in May 2022.

Mr. Burgess will seek discovery related to Defendants' retaliatory treatment of him, which is still unfolding, and Defendants' purported reasons for that treatment. This includes documents related to Defendants' investigation of Mr. Burgess's OCR complaint and the OCR complaint filed by seven students; communications among District decisionmakers; relevant policy documents; and information related to the application of District policies to other teachers. Plaintiff reserves the right to seek discovery on any other information that becomes relevant as this case proceeds.

    **b. Defendants' Defenses**

a. Although raised in Plaintiff's Complaint, Defendants assert that any matters involved in the U.S. Office of Civil Rights and an independent investigation that ensued as the result of responses submitted to U.S. OCR are not relevant to this litigation and bear no part of the District's defenses insofar as and with respect to Plaintiff's policy infractions.

1. Discovery should be limited to the following:
   1. The District's policies regarding student bullying;
   2. The District's policies regarding employee's obligations to report student bullying;
   3. Whether Plaintiff followed policy(ies) regarding reports of bullying;
   4. Plaintiff's involvement, if any, in disruptive public protests and his reasoning for same;
   5. Plaintiff's disciplinary records;
   6. Any and all statements of speech made by Plaintiff that he claims is protected and the circumstances surrounding same.

   b. In fact, Plaintiff was disciplined solely as the result of a policy infraction regarding a failure to report incidents of alleged bullying via chain-of-command, which Plaintiff did with more than one student.

      1. Discovery should involve a chronology regarding Plaintiff's activities on behalf of protected class students, whether his activities violated District policy, and if so, to what extent and to what result;

   c. Plaintiff's speech on behalf of bullied students but only with respect to his failure to follow policy.

      1. Discovery should involve Plaintiff's personnel file, disciplinary records, District policy regarding rules against bullying and discipline, and the speech(es) for which Plaintiff asserts protection under the First Amendment.

**2. Informal Disclosures**

Consistent with the Court's Order dated May 2, 2023, the parties exchanged Rule 26(a) initial disclosures on May 16, 2023. At Defendant's informal request, Mr. Burgess also produced the OCR Complaints filed by Mr. Burgess.

Defendants' Position:

Defendants have also complied fully with their obligations under 26(A)(1)(a)(i)-(iv), providing Plaintiff with documents and supplemental disclosures as those documents have become available. The parties did not agree upon form and scope of informal disclosures prior to serving them; however, Defendants object to any references to investigations, either by U.S. O.C.R. or by the District's contract law firm, Duane Morris, for the purpose of supplying documentation to the U.S. O.C.R. or conducting an investigation as evidence in this litigation.

3.      **Formal Discovery**

   a.      **Nature of Discovery**

Plaintiff's Position:

Documents relevant to the claims and defenses in this case are anticipated to be in the possession, custody, or control of Defendants or third parties, and Plaintiff therefore intends to serve Requests for Production of Documents on Defendants and subpoenas seeking documents on third parties. Plaintiff anticipates that Defendants will attempt to resist some of the discovery that Plaintiff intends to seek by arguing that the "investigation" conducted by the School District's hired law firm was privileged. For example, during an intimidating, compelled "interview," the School District's investigatory counsel forbade Mr. Burgess from discussing that interview, stating the interview was privileged. Counsel gave the same instruction to a third-party, non-employee. It is Plaintiff's position that regardless of whatever privilege may have formerly been claimed by the School District regarding the "investigation," the School District unquestionably and very publicly waived that privilege through its multi-hour public presentation and extensive "report" that the School District published (and still publishes) on its website.

The CBSD Report includes the School District's findings regarding Mr. Burgess' OCR complaint alleging the School District retaliated against him, is devoted mostly to demonizing Mr. Burgess, and blaming him and other teachers for supposedly fomenting a false and negative narrative about the District's treatment of LGBTQ+ students. The CBSD Report concludes that the District was justified in its May 6, 2022, suspension of Mr. Burgess, and that the District did not retaliate against him. It also recommends suspending him without pay. The Report forms the basis for the District's April 21 indefinite suspension of Mr. Burgess. Plaintiff will be seeking discovery related to CBSD's investigation and accompanying report.

Plaintiff also intends to serve Interrogatories and Requests for Admission and reserves the right to use any other discovery tool available under the Federal Rules.

Plaintiff also intends to depose District decisionmakers, employees, former employees, agents, and other individuals who may have knowledge related to the facts and circumstances of the claims and defenses in this litigation.

Defendants' Position:

a. Defendant intends to serve Interrogatories and a Request for Production of Documents and e-discovery for electronic information.

b. Defendant intends to depose Plaintiff.

c. Defendant intends to depose Marlene Pray, a community member who disagreed with the District's employment practices and staged a week-long protest at the District's premises.

d. Defendant has already disclosed the Investigative Report prepared by its contract counsel, Duane Morris.  (Defendants' position is that this report is irrelevant to the claims and defenses of this First Amendment claim and should be precluded from discovery as distracting and a wasteful of time and resources.)

      **b.**    **Scope of Discovery**

The parties do not anticipate exceeding the presumptive limits on discovery at this time, though reserve the right to move for additional interrogatories, depositions, or additional discovery.

    c.    **Proposed Case Management Deadlines:**

Plaintiff has moved to vacate the deadline for amending the complaint. *See* Doc. No. 18. Defendants did not contest the motion.

- Deadline to amend pleadings to add claims or parties: subject to further discussion with the Court, or as provided in Federal Rule of Civil Procedure 15.
- Deadline to complete discovery: December 31, 2023.
- Summary Judgment Deadline: March 1, 2024.

Plaintiff believes there are compelling reasons to extend the deadlines for discovery in this case past 120–150 days from the pretrial conference. In particular, the School District continues to suspend Mr. Burgess and the final scope of adverse employment actions taken against him meaningfully affects the scope of the claims and defenses—and by extension the scope of discovery—in this case.

Plaintiff expects to have more information after the June 13, 2023, School Board meeting.

    **4.**    **Electronic Discovery**

        a.    **ESI Protocol**

The parties intend to agree to an ESI Protocol that will govern the parties' exchange of ESI.

Defendants' Position:

Defendant will require Plaintiff to disgorge his District-owned electronic devices for investigation and provide counsel for the Defendant with copies of text messages, phone messages, conversations and/or other communications relating to his failure to report through his chain of command incidents of bullying of which he became aware as reported by students.

Plaintiff's Position:

Mr. Burgess intends to comply with any obligations, whether arising pursuant to his employment or discovery. Regarding Mr. Burgess' District-owned electronic devices, Mr. Burgess notes that some or all such devices, including his laptop, were previously seized by the District.

    **b.    Protective Order**

Discovery may involve the exchange of sensitive information about students and faculty members at CBSD and other personnel matters. Accordingly, Plaintiff anticipates seeking Defendants' agreement to a form of protective order governing the use and disclosure of such information and filing a motion with the court for approval of that proposed protective order.

Defendants' Position:

Defendants will file a motion for protective order to preclude discovery on the OCR Complaints and the Investigation Report conducted by a third party law firm in order eliminate the likelihood of distraction and confusion of the issues in this case.

    **5.    Expert Witness Disclosures**

The parties do not anticipate expert testimony in this matter. Both parties reserve the right to produce expert reports.

Defendants' Position:

Defendant reserves the right to produce a report on a staggered basis from Plaintiff's production if Plaintiff has engaged experts to write reports and to testify at trial.

    **6.    Early Settlement or Resolution**

The parties discussed settlement and the possibility of mediation under Local Rule 53.3.

Although the ambiguity of Plaintiff's current suspension is a significant impediment to an immediate resolution, Plaintiff is willing to participate in an early settlement conference with a Magistrate Judge.

Defendants do not agree to participate in a settlement conference inasmuch as the Board has not provided its consent to settle and no recommendation for such has been made.

### 7.     Trial Date

The Plaintiff does not request a date certain at this time.

Defendants' Position:

a. Defendants' counsel is unavailable the week of January 22, 2024; July 4-17, 2024.

### 8.     Other Matters

Defendants' Position:

a. Defendants request a briefing schedule for its Motion for Protective Order.


May 31, 2023                              LeVAN STAPLETON SEGAL COCHRAN LLC

By:  *s/ Eli Segal*
     Eli Segal (PA ID 205845)
     John S. Stapleton (PA ID 200872)
     Kali J. Schellenberg (PA ID 324135)
1760 Market Street, Suite 403
Philadelphia, PA 19103
215.402.6555
esegal@levanstapleton.com
jstapleton@levanstapleton.com
kschellenberg@levanstapleton.com

**ACLU OF PENNSYLVANIA**
By:  *s/ Witold Walczak*
     Witold Walczak (PA ID 62976)
     Richard Ting (PA ID 200438)
P.O. Box 23058
Pittsburgh, PA 15222
412.681.7864

vwalczak@aclupa.org
rting@aclupa.org

**SETH KREIMER, ESQUIRE**
(PA ID 26102)
3501 Sansom Street
Philadelphia, PA 19104
215.898.7447
skreimer@upenn.edu

*Attorneys for Plaintiff Andrew Burgess*


**MARSHALL DENNEHEY**

BY: <u>*Sharon M. O'Donnell/s*</u>
    SHARON M. O'DONNELL, ESQ.
    PA ID 79457
    100 Corporate Center Drive Suit 201
    Camp Hill, PA  17011
    (717) 651-3503
     smodonnell@mdwcg.com

## CERTIFICATE OF SERVICE

The foregoing document is being filed via the Court's ECF system, which will electronically serve all counsel of record via Notice of Electronic Case Filing, and make the document available for viewing and downloading from the ECF system.

May 31, 2023                                         */s/ Eli Segal*
                                                     Eli Segal