## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW BURGESS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CENTRAL BUCKS | : | |
| SCHOOL DISTRICT, et al. | : | NO. 23-1369 |

### O P I N I O N

SCOTT W. REID                                                          DATE:  November 6, 2023
UNITED STATES MAGISTRATE JUDGE

As explained below, plaintiff Andrew Burgess's Motion to Compel will be granted in part and denied in part.  Defendants' Motion for a Protective Order will be denied.  First, however, some review is provided as to the appropriate conduct of counsel and clients in the discovery process.

It is dismaying that a review of such basic standards is necessary.  Surely, all counsel involved in this case are familiar with the principles set forth below.  Let the forthcoming, however, serve as a reminder of the standards imposed by the Federal Rules of Civil Procedure, and expected and enforced by this Court.

I.     *Principles Applicable to the Discovery Process*

     A.      *Signature on Documents*

Federal Rule of Civil Procedure 26(g) requires an attorney's signature on all discovery documents, such as the responses to requests for production of documents at issue in Burgess's motion.  It imposes an "affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purpose of the [Rules]." *Fed. R. Civ. Pr. 26(g)*, Comments to 1989 Amendment.  The signature certifies that the lawyer has made a reasonable effort to

assure that the client has provided all the information and documents that are available to the client and that are responsive to the discovery demand. *Id*.

As an obviously frustrated judge in the District of New Jersey has explained:

> Rule 26(g) should not be treated like the proverbial stepchild. Lawyers should not be able to serve boilerplate, meritless and frivolous objections with impunity. Lawyers should not have to wait until after … motions to obtain plainly relevant information. Lawyers should not act like "potted plants" and accept implausible representations that no responsive documents or discovery exists. These actions have to stop.

*Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 706 (D.N.J. 2015).

The *Younes* judge further observed: "Parties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant [discovery]." *Id*. at 706-7 (quoting *Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448, 463 (S.D. Ohio 1995)). Nor is counsel's blind reliance on a client's production efforts adequate. *Bracy v. Valencia*, Civ. A. No. 19-1385, 2022 WL 1570812 at *13 (W.D. Pa. May 18, 2022). While an attorney need not supervise every aspect of a client's document production, the attorney is responsible for coordinating the client's efforts so that responsive documents are produced. *Id*. (quoting *Younis*, *supra*, at 312 F.R.D. 707).

If the 26(g) certification duty is violated without substantial justification, the Court "must" impose a sanction on the signer, the client, or both, either upon motion or on its own initiative. Fed. R. Civ. Pr. 26(g)(3). However, it is not only Rule 26 which imposes a discovery duty enforceable by sanction. Federal Rule 37(2) permits sanctions upon a motion from the opposing party for failure to comply with a discovery order.

Further, Rule 11 imposes a duty of certification on documents presented to a court, such as a response to a discovery motion, that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," all factual contentions

and denials of factual contentions are supported, warranted, and not presented for any improper purpose. Here again, sanctions may be imposed upon motion, or on the court's initiative. Fed. R. Civ. Pr. 11(c). Finally, an attorney found to have "multiplied proceedings" in bad faith or by intentional misconduct, is subject to personal sanction under 28 U.S.C. §1927. *See In re Prudential Ins. Co. America Sales Practice Litigation*, 278 F.3d 175, 188 (3d Cir. 2002).

B.   *Supplements to Discovery Responses*

Several times in their discovery responses, Defendants state that they "preserve their right to supplement" their production. Defendants do not have such a "right." Rather, they have a duty. Fed. R. Civ. Pr. 26(c); *and see Walsh v. East Penn Manufacturing Co.* Civ. A. No. 18-1194, 2021 WL 1318003 at *2 (E.D. Pa. April 8, 2021) ("Rule 26(e) does not give East Penn permission to supplement its prior discovery production – it expressly imposes a duty to do so on the producing party").

Thus, a defendant is not entitled to provide production at its leisure or convenience. As explained above, the signatures on Defendants' responses to Burgess's Requests for Production of Documents entitle Burgess to rely on a representation – upon pain of sanction – that *all the information and documents available* have already been produced. However, if other material becomes available, Defendants have a continuing duty to supplement their responses.

C.   *A Privilege Log is Required*

There can be no doubt that Federal Rule of Civil Procedure 26(b)(5) imposes a duty upon a party seeking to protect discovery material as privileged to prepare a privilege log:

> Once a party withholds responsive documents on the basis of an assertion of privilege, "[a] log describing those documents not made available is in order." *See Tex. Capital Corp. v. Fleet Capital Corp.*, Civ. A. No. 03-1605, 2004 WL 1472778 at *1 (E.D. Pa. June 14, 2004); *Apollo v. Pa. Convention Center Auth.*, Civ. A. No. 11-6684, 2018 WL 6795978 at *4 (E.D. Pa. Dec. 23, 2013) (directing producing parties to produce a rolling privilege log contemporaneously with their production of documents); *New Park Entm't*

3

*L.L.C. v. Elec. Factory Concerts, Inc.*, Civ. A. No. 98-775, 2000 WL 62315 at *8 (E.D. Pa. Jan. 13, 2000) ("Courts in this district have held that parties must comply with the requirements of Fed. R. Civ. P. 26(b)(5) by providing a privilege log." (citing *Northwood Nursing and Convalescent Home, Inc. v Cont'l Ins. Co.*, 161 F.R.D. 293, 299 (E.D. Pa. 1995)).

*Parks, LLC. v. Tyson Foods, Inc.*, Civ. A. No. 15-946, 2015 WL 5042918 at *4 (E.D. Pa., Aug. 26, 2015).

Further, "if a party fails to timely produce a privilege log or other adequate description of the basis for withholding specific documents on the grounds of privilege, such failure may result in a waiver of the asserted privilege." *Id*. (citing *Rhoads Indus., Inc. v. Bldg. Materials Corp. of America*, 254 F.R.D. 216, 221 (E.D. Pa. 2008)).

It could also be noted that, in a case of this limited scope, a court would be extremely unlikely to find that the preparation of a privilege log is unduly burdensome. *See Northwood Nursing & Convalescent Home, Inc. v. Continental Ins. Co.*, 161 F.R.D. 293, 299 (E.D. Pa. 1995), (citing *Transamerica Computer Co. v. IBM*, 573 F.2d 646, 649 (9th Cir. 1978) (1.7 million potentially privileged documents)).

D. *Duane Morris*

The law firm of Duane Morris is not a party in this employment discrimination litigation and does not represent any party in this litigation. Any document created by Defendants belongs to Defendants and must be produced by them *even if that document was at some point forwarded to, or viewed by, Duane Morris*. Similarly, facts provided by Duane Morris to Defendants are not privileged. "A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer." *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 864 (3d Cir. 1994). "A document does not magically metamorphose into a document

4

protected by the attorney-client privilege simply because a client later sends it to his or her lawyer." *Warren Hill, LLC v. Neptune Investors, LLC*, Civ. A. No. 452, 2020 U.S. Dist. LEXIS 161106 at *3 (E.D. Pa. Sep. 3, 2020) (although applying Florida law).

If there is some lack of clarity as to what documents Defendants actually produced to Duane Morris, that is for Defendants to resolve in conjunction with Duane Morris.  Defendants and their counsel, and not Duane Morris, own the duty to respond appropriately to discovery requests in this case.

  E. *Scope of Discovery*

Finally, although the language of Rule 26(b)(1) regarding the scope of discovery was amended in 1980 to prevent redundant or disproportionate discovery, the scope of discovery remains "very broad." *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 299, 231 (E.D. Pa. 2014).

II. *Burgess's First Set of Requests for Production of Documents Directed to CBSD*

  A. Requests as to which relief is granted:  As to the following, Defendants shall provide or supplement their production on or before NOVEMBER 20, 2023:

**5.** As amended**: All documents since January 1, 2021, relating to communications to or from any CBSD administrator (including Lenape Middle School and Unami Middle School administrators) or CBSD director regarding (but not to or from) Andrew Burgess.**

**6.** **(a) All documents relating to Burgess that were reviewed and generated during the investigation and preparation of the [April 20, 2023 Internal Investigation] Report.**

 **(b) All documents relating to Student 1 that were reviewed and generated during the investigation and preparation of this Report**.

 **(f) All documents relating to the January 12, 2023, Duane Morris interview of Burgess.**

**(h) An unredacted version of the Report.**

If the unredacted version of the Report and/or any exhibit to the report was provided to Defendants, it belongs to Defendants and must be produced. Any documents or sections of documents which Defendants withhold on the basis of ANY privilege, including federal and/or state law, or pursuant to the attorney work product doctrine, must be identified in a privilege log setting forth the description of the withheld material, and the SPECIFIC basis upon which it is withheld.

Defendants' response that they "rely upon advice from its retained investigation firm, " i.e., Duane Morris, and will "supplement after consultation" with that firm, at some unspecified time in the future, is unacceptable. Of course, Defendants may seek advice from anyone they choose, but this material is requested now and must be produced or logged now.

**8.     All documents since January 1, 2021, relating to any OCR complaint filed or contemplated to be filed on behalf of Student 1, including communications with Student 1's parents or adult sister regarding OCR, and internal communications regarding an OCR complaint or potential OCR complaint on behalf of Student 1.**

Although Defendants respond that "Plaintiff's counsel already possess all documentation responsive to this request," it is obvious that Burgess would not possess Defendants' internal communications or communications with third parties. If, as unlikely as it may seem, investigation demonstrates that the OCR complaint filed by Student 1 was not the subject of any document (memorandum, email, handwritten notes of conversation, etc.), either internal or with third parties, this must be stated specifically, and certified by counsel's signature.

Further, because Plaintiff is aware that communication took place between Defendants and Student 1's parents and/or adult sister, he is entitled to request and obtain such material as is in the possession of Defendants. This would include (but is not limited to) all written communication between Principal Saullo with Student 1 or Student 1's family, and any counseling records pertaining to Student 1. Any redacted or withheld material must be identified in a privilege log setting forth the description of the withheld material and the SPECIFIC basis upon which it is withheld.

Student 1's parents have provided a Consent to Release of Student Records, so any privilege belonging to Student 1 is not a valid basis for withholding or redacting material.

**9.     All documents relating to any OCR complaint filed by or contemplated by Andrew Burgess against CBSD, including OCR complaint no. 03221229 or OCR complaint no. 03221286.**

Burgess has pointed to specific documents which are referred to within produced documents, but have not been produced, although they are clearly responsive to the request. Defendants are reminded that, although legal conclusions are protected by the attorney-client privilege, facts are not. *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 864 (3d Cir. 1994). "A litigant cannot shield from discovery the knowledge it possessed by claiming it

has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer." *Id*.

In this Circuit, moreover, production of documents to a governmental third party waives the attorney-client privilege and work product privilege with respect to those documents. *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1418 (3d Cir. 1991); *Enslin v. Coca-Cola Co.*, Civ. A. No. 14-6476, 2016 WL 7013511 at *1 (E.D. Pa. June 24, 2016); *In re Plastic Additives Antitrust Litigation*, Civ. A. No. 03-2038, 2005 WL 8179863 at *2 (E.D. Pa. July 28, 2005) ("[T]his Court fails to see how the attorney-client or work-product privileges can survive Compton's voluntary disclosure of factual information to third parties, including the federal government … .", citing *Westinghouse*).

**13.    All documents relating to the student referred to as "Student 1", or this student's family, requesting use of names or pronouns that did not align with information in CBSD's records**.

**15.    All CBSD policies, procedures, protocols, or guidelines in effect on May 6, 2022, relating to teachers reporting bullying, harassment, discrimination, or other problematic student behaviors to the administration.**

If investigation has demonstrated that there was no policy responsive to this request in force on May 6, 2022, other than the ones to which they have directed Burgess, Defendants must specifically so state, certified by counsel's signature, so that Burgess may rely on this representation. There should be no need to promise later supplementation, since there is no reason why any May 6, 2022, policy would not be available now.

**16.    All documents since September, 2018, relating to communications from CBSD administrators to CBSD employees relating to CBSD policies, procedures, protocols, or guidelines for teachers to report bullying, harassment, discrimination, or other problematic student behavior to administration.**

Defendants' objections that this request is overly broad or overly burdensome is overruled.

**22.    All documents relating to consideration of retaining outside counsel to investigate OCR complaints filed against CBSD in 2022, including the decision to retain Duane Morris**.

Clearly, this request does not seek the Duane Morris retention letter which has already been provided. It seeks documents which *relate* to "consideration of retaining outside counsel" as specified in the request, as well as those relating to retaining Duane Morris in particular.

If, as unlikely as it may seem, investigation reveals that the retention of Duane Morris was accomplished without any email correspondence, memoranda, printed correspondence, handwritten notes, etc. (whether internal or with third parties), other than one retention letter and the School Board's approval (without any prior written presentation or submission to the Board

members), Defendants should so state specifically, certified by signature of counsel, so that Burgess may rely on this response.

**26.    All documents related to the District's filing of a complaint in 2022 with the Pennsylvania Department of Education alleging misconduct by Andrew Burgess**.

Again, it is clear that Burgess is requesting more than the complaint itself. If, as unlikely as it may seem, investigation reveals that the filing of a complaint with the Pennsylvania DOE alleging misconduct by Burgess was accomplished without any email correspondence, memoranda, printed correspondence, handwritten notes, etc. (whether internal or with third parties), Defendants should so state specifically, certified by counsel's signature, so that Burgess may rely on this response.

B.   Relief is DENIED as to all Requests in Burgess's First Set of Request for Production of Documents Directed to CBSD other than those specified above.

II.    *Burgess's Second Set of Requests for Production of Documents Directed to CBSD*

**1. All communications to or from any current CBSD Board member relating to, referencing, or mentioning Andrew Burgess since January 1, 2021.**

Defendants' response "None known" is inadequate, given their duty to make reasonable efforts to assure that they have provided all available and responsive information and documents. If, after due investigation, Defendants are able to certify that no such documents exist, they should do so.

**2. Documents between August 18, 2022 and April 20, 2023, that CBSD contends provided Burgess with notice that he was being investigated for misconduct, including violation of District policies, state law, or federal law.**

Defendants should identify all responsive documents, all though it need not produce those it knows to be in Burgess's possession.

**3. Documents between August 18, 2022 and April 20, 2023 that CBSD contends provided Burgess with notice that allegations about him would be presented at a public meeting and published in a publicly released report.**

Defendants should identify all responsive documents, including those it knows to be in the possession and control of the attorneys performing the investigation, and should produce those in Defendants' possession, or appropriately identify them in a privilege log.

**4. Versions of Central Bucks School Board policies in effect on May 6, 2022, and cited in the April 20, 2023 Internal Investigation Report as Requested by the Central Bucks School District.**

Defendants should provide to Burgess all versions of its policies. Burgess's request is appropriately specific.

III.    *Defendants' Motion for a Protective Order.*

Defendants' Motion for a Protective Order is denied. Defendants are accurate in pointing out in their response to Burgess's Requests for Production of Documents that "It is difficult to believe that no further documents exist" is not, in itself, a basis for relief. Nevertheless, the purported absence of internal and external communication regarding two employment decisions, especially in such a highly charged atmosphere is, shall we say, unusual. Burgess is entitled to explore the topics identified in his Notice of Deposition.

As indicated in Plaintiff's Notice of Deposition, CBSD shall designate as a deponent or deponents one or more persons with the relevant knowledge.

IV.    *Conclusion*

In accordance with the above explanation, Defendants shall produce (a) requested documents as directed above; (b) a privilege log identifying each withheld document and setting forth the privilege alleged; and (c) the name of an appropriate deponent/s on or before **NOVEMBER 20, 2023**. An appropriate Order follows.

BY THE COURT:

*/s/ Scott W. Reid*
_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE

9